**Oneil Myron WILKS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States,\* Respondent.**

No. 03–4837–ag.

United States Court of Appeals, Second Circuit.

June 19, 2006.

---

\* Attorney General Alberto R. Gonzales has

been substituted for his predecessor as the

Jose L. DelCastillo, DelCastillo & Associates, LLC, Hartford, Conn., for Petitioner.

Dione M. Enea, Special Assistant United States Attorney (Scott Dunn, Assistant United States Attorney, on the brief), for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, N.Y., for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Oneil Myron Wilks ("Wilks"), a native and citizen of Jamaica and a legal permanent resident of the United States, petitions this court pursuant to § 242(a) of the Immigration and Nationality Act of 1952, as amended ("the Act" or "INA"), 8 U.S.C. § 1252(a), to review an April 7, 2003, order of the Board of Immigration Appeals ("BIA"). In that order, the BIA affirmed the January 9, 2001, decision of an immigration judge ("IJ") ordering Wilks removed from the United States on the basis of his conviction (entered by plea) for credit card theft in violation of Conn. Gen.Stat. 53a–128c, a crime for which he was sentenced to one year imprisonment. Wilks argues that he is not subject to removal, because he is a derivative beneficiary of his father's United States citizenship, or in the alternative, because he can be considered a national of the United States. We assume the parties' familiarity with the facts, the procedural history, and the specific issues on appeal.

In view of the commendable position taken by the government at oral argu-

ment, this case will be held pending Wilks's effort in state court to reduce, *nunc pro tunc*, his criminal sentence by one day or more. *See In re Cota–Vargas*, 23 I. & N. Dec. 849, 851–53, 2005 WL 3105750 (BIA 2005) (holding that a state trial court's decision to reduce an alien's criminal sentence *nunc pro tunc* is entitled to full faith and credit by Immigration Judges and the Board of Immigration Appeals without regard to the trial court's reasons for the reduction); *see also* 8 U.S.C. § 1101(a)(43)(G) (stating that the INA's definition of "aggravated felony" includes "a theft offense ... for which the term of imprisonment [is] at least one year"); 8 U.S.C. § 1227(a)(2)(A)(II)(iii) (authorizing the removal of aliens who have committed an "aggravated felony"). The government has stipulated to a stay of removal pending the outcome of the state court proceedings.

The parties shall report to the court within 90 days. We GRANT Wilks's motion for a stay of removal until further order of this court.